# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CROSSROADS MALL LIMITED PARTNERSHIP, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-0369 |
| v. | (JUDGE CAPUTO) |
| WILLIAM H. LANE, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Before me is Defendant, William H. Lane, Inc.'s Motion for Partial Summary Judgment (Doc. 8) in which Defendant seeks to limit Plaintiff to liquidated damages proscribed in the contract between the parties, and dismissal of delay damages for failure to follow the notice procedure set forth in the contract regarding claims. Because this case was filed on February 26, 2009 and discovery has not advanced to a point where factual disputes bearing on the issues for which Defendant seeks resolution by this motion have not been developed, the motion will be denied without prejudice.

## DISCUSSION

Defendant notes that the only written notice of any delay damages was a letter of May 8, 2007 from Plaintiff's counsel. This was not within the twenty-one days of the contractual date of substantial completion, November 28, 2006, and therefore, contends Defendant, was untimely. Plaintiff argues that whether or not constructive notice of claims occurred is an issue which has not been developed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that the plain language of Federal Rule of Civil Procedure 56(c) allows for the entry of summary judgment only after "adequate time for discovery"); *see also LBL*

*Skysystems (USA), Inc. v. APG-America, Inc.*, No. 02-5379, 2005 U.S. Dist. LEXIS 19065, at 70 (E.D. Pa. Aug. 31, 2005) (in a case involving construction contracts, noting that "[u]nder Pennsylvania law, the conduct of contracting parties following the formation of a written contract is 'perhaps the strongest indication of what the writing means'") (quoting *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366 (Pa. 1978); citing Restatement (Second) of Contracts § 228). Plaintiff also argues that whether the parties mutually waived the contractual claims provisions through their conduct has not been developed. *See id.*

Moreover, Plaintiff seeks damages for lost financing opportunity which Plaintiff says was a matter about which the Defendant was aware. Defendant argues a lack of awareness and a lack of foreseeability as a matter of law thereby forecloses damages on this issue. *See LBL Skysystems (USA), Inc. v. APG-America, Inc.*, 319 F. Supp. 2d 515, 523 (E.D. Pa. 2004) (stating that "[t]he essential elements of a claim for consequential damages are that defendant had reason to know of the special circumstances causing the loss and that the injury was foreseeable")(citing *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 624 (E.D. Pa. 1998)).

Similarly, the Plaintiff seeks damages regarding amounts which it says it paid to Lowes for late performance and to Longhorn Restaurant pursuant to ground leases it had with those entities. While it does appear clear that a liquidated damages provision is applicable to Lowes, thereby supporting Defendant's theory of an exclusive remedy in that case, there is no such contractual provision relating to Longhorn. Nor is there any specific provision relating to other amounts paid to other tenants, the municipality or the Commonwealth of Pennsylvania.

2

Because of the foregoing, it is advisable that discovery proceed so as to cover and develop the issues noted, whereupon the Defendant may file a renewed motion.

**NOW, THEREFORE**, this 18th day of June, 2009, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 8) is **DENIED**, without prejudice.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge